# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ACCENTIA BIOPHARMACEUTICALS, INC., et al., | Case No. 8:08-bk-17795-KRM |
| Debtors. | (Jointly Administered) |

### ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ORDER APPROVING NINTH JOINT STIPULATION EXTENDING (A) DEBTORS' EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION, (B) DATE FOR DEBTORS TO OBTAIN ACCEPTANCE OF PLAN OF REORGANIZATION, AND (C) DEADLINE FOR DEBTORS TO FILE COMPLAINT CHALLENGING EXTENT, VALIDITY, PRIORITY, AND AVOIDABILITY OF LIENS AND CLAIMS OF LAURUS AND ITS AFFILIATES

THIS CASE came on for emergency hearing before the Court on April 15, 2010, at 10:00 a.m. (the "**Hearing**"), on the Debtors' Emergency Motion for Order Approving Ninth Joint Stipulation Extending (A) Debtors' Exclusive Right to File a Plan of Reorganization, (B) Date for Debtors to Obtain Acceptance of Plan of Reorganization, and (C) Deadline for Debtors to File Complaint Challenging Extent, Validity, Priority, and Avoidability of Liens and Claims of Laurus and its Affiliates [Docket No. 623] (the "**Motion**").[1]

The Court considered the Motion and the terms of the Ninth Joint Stipulation, together with the record and the arguments of counsel at the Hearing, and being otherwise duly advised in the premises, and for the reasons announced on the record at the Hearing, finds that the relief requested in the Motion is necessary and appropriate and is in the best interests of the Debtors, their creditors and estates and all parties in interest, and that the Motion is well taken and shall be granted in accordance with the terms and conditions set forth herein. Accordingly, it is

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the meaning ascribed to such terms in the Motion.

**ORDERED**:

1. The Motion is GRANTED.

2. The Ninth Joint Stipulation is approved as follows:

    a. The Debtors' exclusive right to file a plan of reorganization under 11 U.S.C. §§ 1121(b) and (c)(2) is extended from April 14, 2010 through and including May 14, 2010. The Debtors shall not have the right to seek any further extensions of the May 14, 2010 deadline and that deadline shall not be further extended by the Court without the consent of Laurus.

    b. If the Debtors file a plan of reorganization on or before May 14, 2010, then they shall continue to have the exclusive right to obtain acceptances of any such filed plan or any amendments to such filed plan (hereinafter, collectively, the "**Plan**") under 11 U.S.C. § 1121(c)(3) through and including July 13, 2010; provided, however, that the Ninth Joint Stipulation is without prejudice to (i) the right of the Debtors to seek a one time further extension, for cause, of the time within which they have the exclusive right to obtain acceptances of the Plan and (ii) the right of Laurus and other parties in interest to object to a further extension of the time within which the Debtors have the exclusive right to obtain acceptances of the Plan. Any motion of the Debtors seeking a further extension of their exclusive right to obtain acceptances of the Plan shall be filed with the Court by no later than July 13, 2010 and request a hearing on such motion on an expedited basis unless Laurus consents to a hearing on a non-expedited basis.

    c. On or before April 15, 2010, or such later time as the parties agree, the Debtors and Laurus shall file a joint motion with the Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking approval of the Settlement (the "**Compromise Motion**"). The Compromise Motion shall be set for hearing on no less

than twenty-five (25) days notice and shall be served on all parties set forth on the Master Service List for these cases (including counsel to the Committee) and all creditors of the Debtors.

d. In the event the Debtors and Laurus do not enter into the Settlement by April 15, 2010, or such later time as the parties agree, the Debtors shall thereafter have until the Litigation Deadline to file the Complaint. The Laurus Notice shall state that Laurus will no longer consent to any extension of time past the Litigation Deadline for the Debtors to file the Complaint. In the event the Debtors do not file the Complaint by the Litigation Deadline, then the Debtors shall be precluded from thereafter doing so and the liens, claims and interests asserted by Laurus against the Debtors and their assets in these cases shall not be subject to attack by the Debtors or any other party in interest in these cases except as set forth in subparagraph e. below.

e. In the event the Compromise Motion is not filed with the Court and the Debtors do not file the Complaint against Laurus by the Litigation Deadline, or such later date as Laurus and the Debtors shall mutually agree, then the Committee shall have standing to file a motion with the Court seeking, for cause shown, an extension of the Litigation Deadline and the right for the Committee to file a complaint (the "**Committee Complaint**") against Laurus challenging the extent, validity, priority and avoidability of the liens, claims and interests asserted by Laurus against the Debtors, without prejudice to the rights of Laurus and the Debtors to object to the Committee's motion. Any such motion shall be filed with the Court by the Committee by no later than April 22, 2010 (or five (5) business days after any later date agreed to by Laurus and the Debtors as provided in the immediately preceding sentence). In the event the Committee's motion is granted and the Committee does not file the Committee Complaint by the extended

3

deadline approved by the Court for doing so, then the Committee shall be precluded from thereafter doing so and the liens, claims and interests asserted by Laurus against the Debtors and their assets in these cases shall not thereafter be subject to attack. Nothing contained herein shall be deemed to constitute an acknowledgment by the parties that the Committee has standing to file the Committee Complaint as opposed to standing to file a motion for leave to file the Committee Complaint.

f. In the event the Compromise Motion is filed with the Court, then the Committee shall have standing to file a motion with the Court seeking, for cause shown, an extension of the Litigation Deadline and the right to file the Committee Complaint, without prejudice to the rights of the Debtors or Laurus to object to the Committee's motion. Any such motion shall be filed with the Court by the Committee by no later than April 22, 2010 (or five (5) business days after any later date agreed to by Laurus and the Debtors as provided in subparagraph e. above).

3. Counsel for the Debtors is directed to serve a copy of this Order on all parties on the Master Service List for these cases within three (3) days after the entry of this Order and to thereafter file a certificate of service with the Clerk of the Court.

DONE AND ORDERED in Chambers at Tampa, Florida, on ___April 16, 2010___.

K. Rodney May
United States Bankruptcy Judge

Copies furnished to:

Charles A. Postler, Esq.

4