UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                            Chapter 11

ACCENTIA BIOPHARMACEUTICALS,                      Case No. 8:08-bk-17795-KRM
INC., et al.,
                                                  (Jointly Administered)
        Debtors.
_____/

## APPLICATION OF ACCENTIA BIOPHARMACEUTICALS, INC. FOR AUTHORITY TO EMPLOY FOLEY & LARDNER LLP AS SPECIAL SECURITIES COUNSEL

Accentia Biopharmaceuticals, Inc., as debtor and debtor in possession (hereinafter referred to as "**Accentia**"), hereby files its Application of Accentia Biopharmaceuticals, Inc. for Authority to Employ Foley & Lardner LLP as Special Securities Counsel (the "**Application**") and requests, pursuant to Sections 327(a) and (e) and 328 of the Bankruptcy Code, 11 U.S.C. §§101 *et. seq* (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure 2014 and 2016 (the "**Bankruptcy Rules**"), that this Court authorize Accentia's employment of Foley & Lardner LLP ("**Foley Lardner**") as special securities counsel for Accentia and its subsidiaries in the above-captioned jointly administered cases and any related proceedings. In support of this Application, Accentia respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Sections 327(a) and (e) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2.  On November 10, 2008 (the "**Petition Date**"), Accentia and its subsidiaries, Biovest International, Inc., Analytica International, Inc., TEAMM Pharmaceuticals, Inc., AccentRx, Inc., Accentia Specialty Pharmacy, Inc., Biovax, Inc., AutovaxID, Inc., Biolender, LLC, and Biolender II, LLC (collectively, the "**Debtors**") filed with this Court their Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code.

3.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On November 13, 2008, this Court entered its Order Granting Debtor's *Ex Parte* Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) in each of the Debtors' Chapter 11 cases (collectively, the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under In re: Accentia Biopharmaceuticals, Inc., Case No. 8:08-bk-17795-KRM.

5.  Since the Petition Date, this Court has conducted numerous hearings and has considered and disposed of numerous motions and applications, many of which contained detailed descriptions of the Debtors' business operations, the Debtors' debt structure, and numerous other facets of the Debtors' businesses. Because this Court is familiar with the Debtors, their assets, their indebtedness, and their businesses, no further general description is included herein.

6.  No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

7.  No trustee or examiner has been appointed in these cases. On December 1, 2008, the Office of the United States Trustee appointed an Unsecured Creditors Committee (the "**Committee**") in these cases pursuant to Section 1102 of the Bankruptcy Code [Docket No. 74]. On June 9, 2009, the Office of the United States Trustee filed a notice with the Court amending the membership of the Committee [Docket No. 336]. On May 27, 2010, the Office of the United States Trustee filed a notice with the Court further amending the membership of the Committee [Docket No. 686].

## Relief Requested and Grounds for Relief

8.  By this Application, Accentia requests authorization, pursuant to Sections 327(a) and (e) and 328 of the Bankruptcy Code, to retain and employ Foley Lardner, with offices located at 100 North Tampa Street, Suite 2700, Tampa, Florida 33602, as special securities counsel to represent the interests of Accentia and its subsidiaries (Analytica International, Inc., TEAMM Pharmaceuticals, Inc., AccentRx, Inc., and Accentia Specialty Pharmacy, Inc.) in connection with securities and corporate law matters, including a potential public offering or private offering of securities by Accentia and the potential filing of a registration statement with the Securities and Exchange Commission (the "**SEC**") in connection therewith, the review of reports to be filed by Accentia with the SEC, and the review of the settlement documents between the Debtors and Laurus Master Fund, Ltd. and its affiliates.

9.  Subject to this Court's approval of the Application, Foley Lardner is willing to serve as Accentia's special securities counsel and to perform the services described herein. Accentia requests that the Court's approval be *nunc pro tunc* as of February 5, 2010, the date of the first services rendered for Accentia by Foley Lardner.

10. Accentia has selected Foley Lardner to perform the services set forth in paragraph 8 above because of the firm's diverse experience and extensive knowledge in representing publicly-held companies. In addition, Foley Lardner represented Accentia in securities law matters prior to the filing of these Chapter 11 cases and its services are necessary to provide Accentia with continuing legal advice regarding these matters. Foley Lardner is familiar with Accentia's business operations, transactions, business relationships and the like as they pertain to the various filings with the SEC. Accentia, therefore, believes that retaining Foley Lardner to render the services is both time and cost-efficient and is preferable to retaining a law firm lacking the background with Accentia's financial and business structure and securities and filing matters.

11. The services to be provided by Foley Lardner are necessary to the reorganization efforts of Accentia. Accentia's proposed plan of reorganization contemplates Accentia emerging as a post-confirmation publicly-held company. In order to emerge as a publicly-held company, Accentia will need to comply with the periodic reporting requirements under the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"), including filing several reports with the SEC that are currently delinquent. Foley Lardner is well qualified to perform the work required to accomplish those objectives.

12. For all of the foregoing reasons, Accentia believes that the attorneys at Foley Lardner are well qualified to represent Accentia and its subsidiaries herein and that the employment of said firm as special securities counsel would be in the best interest of Accentia and its subsidiaries and their estates. The shareholder at Foley Lardner primarily responsible for this representation will be Curt P. Creely.

13. Foley Lardner, Curt P. Creely and other lawyers with such firm have agreed to a flat fee of $4,000 per month ($6,000 for the first month) (the "**Flat Fee**") for all "routine

securities advice" provided to Accentia. For this purpose, routine securities advice means the review and comment on each routine Exchange Act filing of Accentia (i.e., Annual Report on Form 10-K, Quarterly Report on Form 10-Q, Current Report on Form 8-K, and proxy statements) after a substantially complete draft has been prepared by Accentia.

14. For services not constituting routine securities advice (including document preparation, work, and advice in connection with securities offerings and registration statements), Foley Lardner has agreed to bill Accentia at its floor rates (i.e., the lowest hourly rate charged by Foley Lardner for local clients). Foley Lardner has advised Accentia that the current floor rates for the attorneys proposed to actively represent Accentia are:

 a. Curt P. Creely          $430.00 per hour; and

 b. Megan Odroniec          $310.00 per hour.

Other attorneys and paralegals will render services to Accentia as needed. Generally, Foley Lardner's hourly floor rates are in the following ranges for those individuals who may work on Accentia matters:

| Title | Rate per Hour |
|---|---|
| Partners | $430.00 - $465.00 |
| Associates | $290.00 - $310.00 |
| Paralegals | $190.00 |

15. Foley Lardner has requested a retainer in the amount of $5,000 in connection with the routine securities advice described in paragraph 13 above. In addition, Foley Lardner has requested that Accentia pay the Flat Fee at the beginning of each month. Foley Lardner has also requested a retainer in the amount of $30,000 prior to its commencement of any work on a

5

registration statement. Accentia requests authority to advance the retainers and the Flat Fees in the amounts and at the times described above.

16. Accentia has also agreed to reimburse Foley Lardner for the actual and necessary expenses Foley Lardner incurs, including, but not limited to, any costs advanced by the firm, at the rates commonly charged for such costs to other Foley Lardner clients.

17. Accentia is filing with this Application an Affidavit (the "**Affidavit**") of Curt P. Creely in support of the Application demonstrating that Curt P. Creely and the law firm of Foley Lardner are disinterested as required by 11 U.S.C. §327(a) and a verified statement as required under Bankruptcy Rule 2014. A copy of the Affidavit is attached hereto as Exhibit A and incorporated herein by this reference thereto.

18. Accentia has scheduled a claim in the amount of $30,330.78 for Foley Lardner in Accentia's Chapter 11 case and Foley Lardner has filed Claim Number 68 for $59,562.85 in Accentia's Chapter 11 case, for services provided by Foley Lardner to Accentia prior to the Petition Date (collectively, the "**Foley Lardner Claims**"). As stated in the Affidavit, in the event this Application is approved by the Court, Foley Lardner will waive the Foley Lardner Claims.

19. Except as provided in the Affidavit, to the best of Accentia's knowledge, neither the attorneys at Foley Lardner nor the law firm of Foley Lardner has any connection with the creditors of the Debtors or other parties in interest or their respective attorneys, and neither said attorneys nor said law firm represent any interest adverse to the Debtors. By separate application, Biovest International, Inc. and its subsidiaries are also seeking this Court's approval of the employment of Foley Lardner to provide substantially similar services. The Debtors believe that representation of all of the Debtors will not result in any actual conflict and that representation by separate law firms would not be economical or beneficial to the Debtors, their

respective creditors or estates. The employment of Foley Lardner is in the best interests of these estates.

20. Foley Lardner will file fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and orders of this Court.

### Notice

21. On November 19, 2008, this Court entered its Order Granting Debtors' Emergency Motion to Establish Notice Procedures [Doc. No. 44] (the "**Notice Order**"). Subject to certain exceptions not applicable to this Application, the Notice Order provides, in pertinent part, that notice in the jointly administered cases of the Debtors will be sufficient if a pleading is served on the "Master Service List" (as defined in the Notice Order) and any party whose interests are directly affected by a specific pleading. A copy of this Application is being sent to all parties set forth on the Master Service List for these jointly administered Chapter 11 cases and Foley Lardner. Accordingly, Accentia requests that the Court enter an order finding that such notice of this Application is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. Accentia submits that, given the nature of the relief requested herein, no other or further notice need be given.

WHEREFORE, Accentia respectfully requests an order of this Court (a) authorizing the retention by Accentia and its subsidiaries of Curt P. Creely and the law firm of Foley Lardner as special securities counsel for the purposes set forth in the Application, pursuant to 11 U.S.C. §§327 and 330, *nunc pro tunc* as of February 5, 2010, (b) authorizing the payment of the retainers and Flat Fees as described above, and (c) providing such other and further relief as is just.

Dated this 29th day of June, 2010

                        Accentia Biopharmaceuticals, Inc.

                By: _____
                        Samuel S. Duffey, President and General Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Application of Accentia Biopharmaceuticals, Inc. for Authority to Retain Foley Lardner LLP as Special Securities Counsel** with attached Exhibit A has been furnished on this 29th day of June, 2010, by **CM/ECF Transmission** to the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, and by **U.S. Mail** (unless received by the following parties by CM/ECF Transmission) to all parties set forth on the Master Service List attached hereto and to Curt P. Creely, Esq., Foley & Lardner LLP, 100 North Tampa Street, Suite 2700, Tampa, Florida 33602.

                      /s/ Charles A. Postler
                      Charles A. Postler (Florida Bar No. 455318)
                      STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
                      110 East Madison Street, Suite 200
                      Tampa, Florida 33602
                      PH   (813) 229-0144
                      FAX  (813) 229-1811
                      Attorneys for Debtors

MASTER SERVICE LIST
ACCENTIA BIOPHARMACEUTICALS, INC.
06/29/2010

Charles A. Postler, Esq.
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street, Suite 200
Tampa, FL 33602

Accentia Biopharmaceuticals, Inc.
Attn: Samuel S. Duffey
324 South Hyde Park Avenue
Suite 350
Tampa, FL 33606

Office of the United States Trustee
501 East Polk Street, Suite 1200
Tampa, FL 33602

Securities and Exchange Commission
c/o Susan R. Sherrill-Beard
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30326-1232

Honorable Eric H. Holder, Jr.
U.S. Attorney General
Department of Justice - Room 4400
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Internal Revenue Service
Spec Proc Br MC 5720 P&I I
400 W. Bay St., Ste 35045, Bkcy Sect
Jacksonville, FL 32202-4437

Florida Department of Revenue
P.O. Box 6668
Tallahassee FL 32314-6668

Stuart Komrower, Esq.
Cole, Schotz, Meisel, et al.
Court Plaza North
25 Main Street
Hackensack, NJ 07601

Adam H. Friedman, Esq.
Olshan Grundman Frome, et al.
Park Avenue Tower
65 East 55th Street
New York, NY 10022

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Bank of America Tower
100 SE 2nd Street, 44th Floor
Miami, FL 33131

Tina M. Talarchyk, Esq.
McDonald Hopkins, LLC
505 South Flagler Drive
Suite 300
West Palm Beach, FL 33401

Christine R. Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Sheryl L. Moreau
Special Assistant Attorney General
Missouri Department of Revenue
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO 65105-0475

~~Michael Clateman, Managing Director~~
~~Rockmore Investment Master Fund, Ltd.~~
~~c/o Rockmore Capital, LLC~~
~~150 East 58th Street, 28th Floor~~
~~New York, NY 10155~~

Dale Willenbring, Portfolio Manager
Whitebox Hedged High Yield Partners, LP
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Joshua Thomas, Portfolio Manager
Midsummer Investment, Ltd.
295 Madison Ave
38th Floor
New York, NY 10017

George Smith, Senior VP
American Defense International, Inc.
1100 New York Avenue, NW
West Tower, Suite 630
Washington, DC 20005

Jarrett Disbrow, President
Arbor Pharmaceuticals, Inc.
4505 Falls of Neuse Rd.
Suite 420
Raleigh, NC 27609

Brian S. Behar, Esq.
Behar, Gutt & Glazer, P.A.
2999 N.E. 191st Street, Fifth Floor
Aventura, FL 33180

William C. Crenshaw, Esq.
Akerman Senterfitt LLP
750 9th Street N.W., Suite 750
Washington, DC 20001

W. Bard Brockman
Gwendolyn J. Godfrey
Powell Goldstein LP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488

Michael H. Resnikoff, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

Robert B. Glenn, Esq.
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Drive, Suite 1300
Tampa, FL 33602

Samuel J. Zusmann, Jr., Esq.
Holland & Knight LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

Edward M. Fitzgerald, Esq.
Holland & Knight LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

James L. Fly, Esq.
Holland & Knight LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

Robert C. Edmundson, Esq.
Senior Deputy Attorney General
Counsel to Pennsylvania, Dept. of Revenue
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Erin E. Wietecha, Esq.
Cole, Schotz, Meisel, et al.
900 Third Avenue
New York, NY 10022-4728

Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

American Express Travel Related Svcs Co.
 Inc. Corp. Card
c/o Becket and Lee LLP
Gilbert B. Weisman, Esq.
P. O. Box 3001
Malvern, PA 19355-0701

Alvin F. Benton, Jr., Esq.
Holland & Knight, LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

Jose I. Moreno, Esq.
240 NW 76th Drive, Suite D
Gainesville, FL 32607

Brian G. Rich, Esq.
Berger Singerman, P.A.
125 South Gadsden Street, Suite 300
Tallahassee, FL 32301

Kenneth G.M. Mather, Esq.
Robert D. Zebro, Esq.
Akerman Senterfitt
SunTrust Financial Centre, Suite 1700
401 E. Jackson Street
Tampa, FL 33602

Maria K. Pum, Esq.
Henderson, Caverly, Pum & Charney LLP
P.O. Box 9144
Rancho Sante Fe, CA 92067-9144

Mike Heffernan
Collegium Pharmaceutical, Inc.
400 Highland Corporate Drive
Cumberland, RI 02864

Noel R. Boeke, Esq.
Holland & Knight LLP
P.O. Box 1288
Tampa, FL 33601-1288

Robert T. Doty
Assistant Attorney General
Ohio Dept of Jobs and Family Services
One Government Center, Suite 1240
Toledo, OH 43604-2261

John D. Emmanuel, Esq.
Fowler White Boggs P.A.
P.O. Box 1438
Tampa, FL 33601

~~Phillip E. Rosensweig~~
~~7280 West Palmetto Park Road~~
~~Suite 105~~
~~Boca Raton, FL 33433~~

Philip E. Rosensweig
7035 Spyglass Avenue
Parkland, FL 33076

Francis L. Carter, Esq.
Katz Barron Squitero Faust
2699 S. Bayshore Dr., 7th Floor
Miami, FL 33133

MASTER LIST
Secured Creditors

BAM Opportunity Fund LP
44 Wall Street
Suite 1603
New York, NY 10005

BioHedge Holdings Limited
175 Bloor Street
South Tower, Suite 807
Toronto ON M4W3R8
CANADA

BridgePoint Master Fund Ltd.
1125 Sanctuary Pkwy
Suite 275
Alpharetta, GA 30004

Cranshire Capital, L.P.
3100 Dundee Rd.
Suite 703
Northbrook, IL 60015

Crescent International, Ltd.
84 Av. Louis-Casai
Cointrin/Geneva CH-1216
SWITZERLAND

Dell Financial Services, L.P.
12234 North IH-35
Building B
Austin, TX 78753

Diamond Opportunity Fund, LLC
500 Skokie Blvd
Suite 300
Northbrook, IL 60062

GCA Investment Fund Limited
12 Church Street
Mechanic Bldg
Hamilton HM11
BERMUDA

GPC LIX LLC
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Guggenheim Porfolio Company XXXI, LLC
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Hudson Bay Fund, LP
120 Broadway
40th Floor
New York, NY 10271

Hudson Bay Overseas Fund, Ltd.
120 Broadway
40th Floor
New York, NY 10271

Laurus Master Fund, Ltd.
335 Madison Avenue
10th Floor
New York, NY 10017

Lloyd I. Miller
4550 Gordon Dr.
Naples, FL 34102

LV Administrative Services, Inc.
335 Madison Avenue
10th Floor
New York, NY 10017

McKesson Corporation
One Post Street
20th Floor
San Francisco, CA 94104

Midsummer Investment, Ltd.
295 Madison Ave
38th Floor
New York, NY 10017

Pandora Select Partners, LP
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Psourc Structured Debt Limited
Two Enbarcadero Center
Suite 2220
San Francisco, CA 94111

Rockmore Investment Master Fund, Ltd.
150 East 58th Street
New York, NY 10155

Rosalind Capital Partners, L.P.
175 Bloor Street
South Tower, Suite 807
Toronto ON M4W3R8
CANADA

RRC BioFund, LP
217R Concord Ave
Cambridge, MA 02138

Southwest Bank, an M&I Bank
13205 Manchester Rd.
St. Louis, MO 63131

UBS O'Connor LLC
One North Wacker Dr.
Chicago, IL 60606

Valens Offshore SPV I, LLC
c/o Valens Capital Management, LLC
335 Madison Avenue
10th Floor
New York, NY 10017

Valens Offshore SPV I, Ltd.
335 Madison Avenue
10th Floor
New York, NY 10017

Valens Onshore
335 Madison Avenue
10th Floor
New York, NY 10017

Valens U.S. SPV I, LLC
c/o Valens Capital Management, LLC
335 Madison Avenue
10th Floor
New York, NY 10017

WB Special Opportunities Fund, Ltd.
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Whitebox Convertible Arbitrage Partners
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Whitebox Hedged High Yield Partners, LP
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Whitebox Intermarket Partners, LP
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Ron Osman
1602 W. Kimmel St
PO Box 939
Marion, IL 62959

Valens Offshore
335 Madison Ave
10th Floor
New York, NY 10017

Valens U.S.
335 Madison Ave
10th Floor
New York, NY 10017

Enterprise Fleet Management
P O Box 620850
Charlotte, NC 28262

Enterprise Fleet Services - North Carolina
8335 IBM Drive
Suite 100
Charlotte, NC 28262



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

ACCENTIA BIOPHARMACEUTICALS,
INC., et al.,

    Debtors.
_____/

Chapter 11

Case No. 8:08-bk-17795-KRM

(Jointly Administered)

### AFFIDAVIT OF CURT P. CREELY IN SUPPORT OF APPLICATION OF ACCENTIA BIOPHARMACEUTICALS, INC. FOR AUTHORITY TO RETAIN FOLEY & LARDNER LLP AS SPECIAL SECURITIES LAW COUNSEL

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared Curt P. Creely, an attorney with the firm of Foley & Lardner LLP ("**Foley & Lardner**"), who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§327, 328 and 329 and Bankruptcy Rules 2014 and 2016 and deposes and says:

1.    I am Curt P. Creely. I am an attorney employed by the law firm of Foley & Lardner, which is located at 100 North Tampa Street, Suite 2700, Tampa, Florida 33602. I am duly authorized to practice law in the State of Florida and am admitted to the bar of the Florida Bar Association, and I am authorized to execute this Affidavit on behalf of Foley & Lardner. This Affidavit is submitted in support of the application (the "**Application**") of Accentia Biopharmaceuticals, Inc., as debtor and debtor in possession ("**Accentia**"), to employ Foley &

TAMP_1663574.1

Lardner as special securities law counsel to provide legal services on behalf of Accentia and its subsidiaries (together with all other subsidiaries of Accentia that are debtors in possession in these Chapter 11 cases, collectively, the "**Debtors**") as more fully described in the Application.

2. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

3. This Affidavit is submitted in order to comply with 11 U.S.C. §§327, 328 and 329, and Bankruptcy Rules 2014 and 2016 and in connection with the Application.

4. Foley & Lardner is a leading law firm in the United States. Accentia has selected Foley & Lardner because of its ability to perform the required professional services efficiently, expeditiously, and effectively and because Foley & Lardner previously represented the Debtors with respect to securities law matters prior to the filing of these Chapter 11 cases. In addition, prior to the filing of these cases, Foley & Lardner performed such other services as requested by the Debtors from time to time in connection with the ordinary operation of their businesses.

5. For legal services provided to the Debtors prior to the filing of these cases, Foley & Lardner is owed $59,562.85 by Accentia. Foley & Lardner has filed a proof of claim for that amount in Accentia's Chapter 11 case. In the event the Application for employment of Foley & Lardner is approved by the Court, Foley & Lardner will waive any claim against the Debtors for amounts owed prior to the filing of these cases.

6. In preparing this Affidavit, I reviewed a list of the Debtors' creditors as provided by the Debtors.

7. No attorney in Foley & Lardner is now, or has ever served in the past as, an officer, director or employee of the Debtors.

8. No attorney in Foley & Lardner is, or has ever been, in control of the Debtors or is a relative of a director, officer or person in control of the Debtors.

9. No attorney in Foley & Lardner is, or has ever been, a general or limited partner of a partnership in which any of the Debtors is also a general or limited partner.

10. No attorney in Foley & Lardner is, or has ever served as, an officer, director or employee of a financial advisor which has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors.

11. No attorney in Foley & Lardner has ever represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors. Foley & Lardner has represented and does represent, in matters unrelated to the Debtors, financial advisors who have served as financial advisors to the Debtors.

12. To the best of my knowledge, other than as set forth on Exhibit A attached hereto, no attorney in Foley & Lardner presently represents any of the largest seventy five creditors of the Debtors collectively or any general partner, lessor, lessee, party to an executory contract with the Debtors, or person otherwise adverse or potentially adverse to the Debtors or the estates, on any matter, whether such representation is related or unrelated to the Debtors or the estates.

13. To the best of my knowledge, no attorney in Foley & Lardner previously represented any creditor, general partner, lessor, lessee, party to an executory contract with the Debtors, or person

otherwise adverse or potentially adverse to the Debtors or the estates, on any matter substantially related to the Debtors or the estates.

14. No attorney in Foley & Lardner represents any other parties in interest in these cases.

15. There is no agreement of any nature as to the sharing of any compensation to be paid to Foley & Lardner. The compensation of attorneys at Foley & Lardner is fixed from time to time by its Board of Directors.

16. Other than as provided hereinabove, no attorney at Foley & Lardner has any other connection with the Debtors, creditors of the Debtors, the United States Trustee or any employee of that office, or any other parties in interest.

17. No attorney at Foley & Lardner has any other interest, direct or indirect, that may be affected by the proposed representation.

18. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtors and Foley & Lardner.

19. This concludes my Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Curt P. Creely

SWORN TO AND SUBSCRIBED BEFORE ME this 23 day of June, 2010, by Curt P. Creely who is personally known to me and who did take an oath.

_Janice L. Ehlers_
Name (printed)

JANICE L. EHLERS
MY COMMISSION # DD 533845
EXPIRES: July 28, 2010
Bonded Thru Notary Public Underwriters

_____
Notary Public

# EXHIBIT A

Based on a conflict check of the seventy-five largest creditors of the Debtors collectively, Foley & Lardner LLP, as a large national law firm, from time to time provides legal services to the following creditors of the Debtors:

- UBS AG and its affiliates;
- Companies that are affiliates of American Express;
- The National Institutes of Health;
- Southwest Bank;
- Iberia Bank;
- World Care Clinical;
- Affiliates of Whitebox Advisors, LLC; and
- Affiliates of the Whitebox funds.

However, (1) Foley & Lardner will not represent any of the foregoing entities in the Debtors' bankruptcy cases, (2) Foley & Lardner did not receive more than 1% of its annual revenues from any of the foregoing entities during the firm's most recently completed fiscal year and does not currently expect to do so during the current fiscal year, and (3) Foley & Lardner submits that it is "disinterested" notwithstanding its current attorney-client relationships with any of the foregoing entities because the firm has not performed, and does not intend to perform, any legal services for any of the foregoing entities relating to or adverse to the Debtors and does not intend to perform any services adverse to any of the foregoing entities on behalf of the Debtors. Accordingly, Foley & Lardner submits that no conflict waiver and/or consent is necessary, and Foley & Lardner will advise the Court through supplemental affidavit if any conflict arises.