UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

ACCENTIA BIOPHARMACEUTICALS, INC., et al.,

Debtors.

_____/

Chapter 11

Case No. 8:08-bk-17795-KRM

(Jointly Administered)

*Emergency Relief Requested*

## DEBTORS' EMERGENCY MOTION TO CONTINUE CONFIRMATION HEARING
*(Emergency Hearing Requested for September 22, 2010, at 4:00 p.m.)*

Accentia Biopharmaceuticals, Inc. ("**Accentia**") and its subsidiaries, Biovest International, Inc. ("**Biovest**"), Analytica International, Inc., TEAMM Pharmaceuticals, Inc., AccentRx, Inc., Accentia Specialty Pharmacy, Inc., Biovax, Inc., AutovaxID, Inc., Biolender, LLC and Biolender, LLC, as debtors and debtors in possession (hereinafter collectively referred to as the "**Debtors**"), by and through their undersigned attorneys, hereby file this Emergency Motion to Continue Confirmation Hearing (the "**Motion**"). In support of this Motion, the Debtors would show:

### A. Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408.

### B. General Background

2. On November 10, 2008, (the "**Petition Date**"), the Debtors filed with this Court their Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On November 13, 2008, this Court entered its Order Granting Debtor's *Ex Parte* Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) in each of the Debtors' Chapter 11 cases (collectively, the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under In re: Accentia Biopharmaceuticals, Inc., Case No. 8:08-bk-17795-KRM.

5. No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

6. No trustee or examiner has been appointed in these cases. On December 1, 2008, the Office of the United States Trustee appointed an Unsecured Creditors Committee (the "**Committee**") in these cases pursuant to Section 1102 of the Bankruptcy Code [Doc. No. 74]. On June 9, 2009, the Office of the United States Trustee filed a notice with the Court amending the membership of the Committee [Doc. No. 336]. On May 27, 2010, the Office of the United States Trustee filed a notice with the Court further amending the membership of the Committee [Doc. No. 686]. On August 9, 2010, the Office of the United States Trustee filed a notice with the Court further amending the membership of the Committee [Doc. No. 874].

7. On August 16, 2010, Accentia and its wholly-owned subsidiaries filed with the Court (i) their First Amended Joint Disclosure Statement for First Amended Joint Plan of Reorganization of Accentia Biopharmaceuticals, Inc., Analytica International, Inc., TEAMM Pharmaceuticals, Inc., AccentRx, Inc., and Accentia Specialty Pharmacy, Inc. under Chapter 11 of Title 11, United States Code dated as of August 16, 2010 [Doc. No. 909] (the "**Accentia Disclosure Statement**"), and (ii) their First Amended Joint Plan of Reorganization of Accentia Biopharmaceuticals, Inc., Analytica International, Inc., TEAMM Pharmaceuticals, Inc., AccentRx, Inc., and Accentia Specialty Pharmacy,

2

Inc. under Chapter 11 of Title 11, United States Code dated as of August 16, 2010 [Doc. No. 910] (the "**Accentia Plan**"). Pursuant to an order dated August 17, 2010 [Doc. No. 911] (the "**Accentia Disclosure Statement Approval Order**"), this Court approved the Accentia Disclosure Statement and set a hearing to consider confirmation of the Accentia Plan for September 22, 2010, at 4:00 p.m.

8. On August 16, 2010, Biovest and its wholly-owned subsidiaries filed with the Court (i) their First Amended Joint Disclosure Statement for First Amended Joint Plan of Reorganization of Biovest International, Inc., Biovax, Inc., AutovaxID, Inc., Biolender, LLC, and Biolender II, LLC under Chapter 11 of Title 11, United States Code dated as of August 16, 2010 [Doc. No. 905] (the "**Biovest Disclosure Statement**" and, together with the Accentia Disclosure Statement, the "**Disclosure Statements**"), and (ii) their First Amended Joint Plan of Reorganization of Biovest International, Inc., Biovax, Inc., AutovaxID, Inc., Biolender, LLC, and Biolender II, LLC under Chapter 11 of Title 11, United States Code dated as of August 16, 2010 [Doc. No. 906] (the "**Biovest Plan**" and, together with the Accentia Plan, the "**Plans**"). Pursuant to an order dated August 16, 2010 [Doc. No. 908] (the "**Biovest Disclosure Statement Approval Order**"), this Court approved the Biovest Disclosure Statement and set a hearing to consider confirmation of the Biovest Plan for September 22, 2010, at 4:00 p.m.

## C. Relief Requested and Grounds for Relief

9. By this Motion, and for the reasons set forth below, the Debtors request a continuance of one (1) week of the confirmation hearing in these cases.

10. On September 21, 2010, pursuant to the requirements of the Accentia Disclosure Statement Approval Order, the Debtors filed the Chapter 11 Ballot Tabulation with respect to the Accentia Plan [Doc. No. 1201] (the "**Accentia Ballot Tabulation**"). As indicated in the Accentia Ballot Tabulation, all of the impaired classes of creditors and holders of equity interests under the

3

Accentia Plan have voted to accept the Accentia Plan in the requisite amounts and numbers pursuant to Sections 1126(c) and (d) of the Bankruptcy Code, with the exception of McKesson Corporation in Class 4. The Debtors are currently in negotiations with McKesson Corporation to reach a consensual resolution with respect to their treatment under the Accentia Plan.

11. On September 21, 2010, pursuant to the requirements of the Biovest Disclosure Statement Approval Order, the Debtors filed the Chapter 11 Ballot Tabulation with respect to the Biovest Plan [Doc. No. 1203] (the "**Biovest Ballot Tabulation**"). As indicated in the Biovest Ballot Tabulation, all of the impaired classes of creditors and holders of equity interests under the Biovest Plan have voted to accept the Biovest Plan in the requisite amounts and numbers pursuant to Sections 1126(c) and (d) of the Bankruptcy Code.

12. There have only been two objections filed to confirmation of the Plans, one by the Office of the United States Trustee [Doc. No. 1183] and one by Eugene Schuster and Venture Funding [Doc. No. 1188]. The Debtors believe these objections can be resolved.

13. Each of the Plans contains a condition precedent to the effective dates set forth therein (the "**Effective Date**") as follows: "All conditions precedent to the closing of the Exit Financing shall have been satisfied or waived in accordance with the terms thereof." See Article 10.2.4 of the Accentia Plan and Article 11.2.4 of the Biovest Plan. As stated in the Biovest Disclosure Statement, Biovest was seeking exit financing (the "**Exit Financing**") in an amount ranging from $3 million to $15 million and, subject to any mandatory prepayment requirements under term notes to be issued to Laurus Master Fund, Ltd. (In Liquidation) under Class 2 of the Biovest Plan, Biovest intended to utilize the proceeds of the Exit Financing to provide additional working capital to conduct its operations following the Effective Date and to fund, to the extent necessary, certain cash payments required to be made under the Biovest Plan on or shortly after the Effective Date. The Biovest

4

Disclosure Statement further provided that Biovest anticipated that net proceeds from the Exit Financing at the lower end of the above range would be sufficient to fund (i) any immediate payments required under the Biovest Plan and (ii) its operations and advancement of its research and development efforts for a minimum of nine months following the Effective Date.

14. As of the date of this Motion, the Debtors are still in the process of negotiating the final definitive terms of the Exit Financing for Biovest, and the Debtors presently expect that the Exit Financing will be between $3 million and $8 million. The Debtors also presently anticipate that Accentia will not need its own Exit Financing, and Accentia will waive the condition precedent set forth in Article 10.2.4 of the Accentia Plan. Upon receipt of Exit Financing in the above range, the Debtors will be able to meet all of their financial and payment obligations under the Plans for the next 12 months and, thereafter, will be seeking additional equity or capital raises (as indicated in the projections attached to their respective Disclosure Statements).

15. The Exit Financing is an essential and critical component of the Plans and, as stated above, will be used to fund the Debtors' cash requirements thereunder as well as the post-confirmation business operations of the Debtors. The Debtors anticipate that they will be filing an emergency motion with the Court within days seeking approval of the terms of the Exit Financing, and will request that such motion be heard prior to the newly scheduled confirmation hearing. In addition, the Debtors expect to include the terms of the Exit Financing in an amendment to the Biovest Plan.

16. The Debtors believe they have obtained (and will obtain, with respect to McKesson Corporation) the necessary votes to obtain confirmation of the Plans. The Debtors now need one (1) week to complete the Exit Financing.

17. By way of this Motion, to the extent this Court extends the confirmation hearing in these cases, the Debtors would also request that the Court extend the deadline for the filing of (i) the confirmation affidavits with respect to the Plans to one (1) day prior to the new date for the confirmation hearing, and (ii) any supplements to the final fee applications of any professionals to one (1) day prior to the new date for the confirmation hearing. By this Motion, the Debtors are not seeking any extension of the September 17, 2010 deadlines to object to confirmation of the Plans or to cast ballots on the Plans, and any such requests will be made by separate motion or agreement of the Debtors.

18. The Debtors have consulted with counsel to Laurus and the Committee regarding the relief requested in this Motion and each of those parties have advised the Debtors that they have no objection to the relief requested herein. The Debtors also do not believe the U.S. Trustee will object to the relief requested in this Motion.

19. The extension requested herein will not prejudice any party.

### D. Reason for Request for Emergency Relief

20. As set forth above, the confirmation hearing in these cases is scheduled for September 22, 2010 at 4:00 p.m. and, due to causes beyond their control, the Debtors will not be able to satisfy a condition precedent to the effectiveness of the Plans by that date and time. Thus, this Motion should be considered at the same time as the confirmation hearing.

### E. Notice

21. On November 19, 2008, this Court entered its Order Granting Debtors' Emergency Motion to Establish Notice Procedures [Doc. No. 44] (the "**Notice Order**"). Subject to certain exceptions not applicable to this Motion, the Notice Order provides, in pertinent part, that notice in the jointly administered cases of the Debtors will be sufficient if a pleading is served on the "Master

Service List" (as defined in the Notice Order) and any party whose interests are directly affected by a specific pleading. A copy of this Motion is being sent to all parties set forth on the Master Service List for these jointly administered Chapter 11 cases. Accordingly, the Debtors request that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. The Debtors submit that, given the nature of the relief requested herein, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting this Motion and providing such other and further relief as may be just and proper.

DATED: September 22, 2010

/s/ Charles A. Postler
Charles A. Postler (FBN 455318)
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
PH   813/229-0144
FAX  813/229-1811
Attorneys for the Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing **Debtors' Emergency Motion to Continue Confirmation Hearing** has been furnished on this 22nd day of September, 2010, by (i) **CM/ECF Transmission** to the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, and (ii) by **U.S. Mail** or **CM/ECF Transmission** to all parties set forth on the Master Service List attached hereto.

/s/ Charles A. Postler
Charles A. Postler

MASTER SERVICE LIST
ACCENTIA BIOPHARMACEUTICALS, INC.
09/22/2010

EXHIBIT A

Office of the United States Trustee
501 East Polk Street, Suite 1200
Tampa, FL 33602

Internal Revenue Service
Spec Proc Br MC 5720 P&I I
400 W. Bay St., Ste 35045, Bkcy Sect
Jacksonville, FL 32202-4437

Adam H. Friedman, Esq.
Olshan Grundman Frome, et al.
Park Avenue Tower
65 East 55th Street
New York, NY 10022

Christine R. Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Joshua Thomas, Portfolio Manager
Midsummer Investment, Ltd.
295 Madison Ave
38th Floor
New York, NY 10017

William C. Crenshaw, Esq.
Akerman Senterfitt LLP
750 9th Street N.W., Suite 750
Washington, DC 20001

Robert B. Glenn, Esq.
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Drive, Suite 1300
Tampa, FL 33602

James L. Fly, Esq.
Holland & Knight LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

American Express Travel Related Svcs Co.
  Inc. Corp. Card
c/o Becket and Lee LLP
Gilbert B. Weisman, Esq.
P. O. Box 3001
Malvern, PA 19355-0701

Charles A. Postler, Esq.
Stichter, Riedel, Blain & Prosser, P.A.
110 Madison Street, Suite 200
Tampa, FL 33602

Securities and Exchange Commission
c/o Susan R. Sherrill-Beard
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30326-1232

Florida Department of Revenue
P.O. Box 6668
Tallahassee FL 32314-6668

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Bank of America Tower
100 SE 2nd Street, 44th Floor
Miami, FL 33131

Sheryl L. Moreau
Special Assistant Attorney General
Missouri Department of Revenue
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO 65105-0475

Jarrett Disbrow, President
Arbor Pharmaceuticals, Inc.
4505 Falls of Neuse Rd.
Suite 420
Raleigh, NC 27609

W. Bard Brockman
Gwendolyn J. Godfrey
Powell Goldstein LP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488

Samuel J. Zusmann, Jr., Esq.
Holland & Knight LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

Robert C. Edmundson, Esq.
Senior Deputy Attorney General
Counsel to Pennsylvania, Dept. of Revenue
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Alvin F. Benton, Jr., Esq.
Holland & Knight, LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

Accentia Biopharmaceuticals, Inc.
Attn: Samuel S. Duffey
324 South Hyde Park Avenue
Suite 350
Tampa, FL 33606

Honorable Eric H. Holder, Jr.
U.S. Attorney General
Department of Justice - Room 4400
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Stuart Komrower, Esq.
Cole, Schotz, Meisel, et al.
Court Plaza North
25 Main Street
Hackensack, NJ 07601

Tina M. Talarchyk, Esq.
McDonald Hopkins, LLC
505 South Flagler Drive
Suite 300
West Palm Beach, FL 33401

Dale Willenbring, Portfolio Manager
Whitebox Hedged High Yield Partners, LP
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Brian S. Behar, Esq.
Behar, Gutt & Glazer, P.A.
2999 N.E. 191st Street, Fifth Floor
Aventura, FL 33180

Michael H. Resnikoff, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019-3800

Edward M. Fitzgerald, Esq.
Holland & Knight LLP
a/f Collegium Pharmaceutical, Inc.
200 S. Orange Avenue, Suite 2600
Orlando, FL 32802-1526

Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Jose I. Moreno, Esq.
240 NW 76th Drive, Suite D
Gainesville, FL 32607

Brian G. Rich, Esq.
Berger Singerman, P.A.
125 South Gadsden Street, Suite 300
Tallahassee, FL 32301

Mike Heffernan
Collegium Pharmaceutical, Inc.
400 Highland Corporate Drive
Cumberland, RI 02864

John D. Emmanuel, Esq.
Fowler White Boggs P.A.
P.O. Box 1438
Tampa, FL 33601

BAM Opportunity Fund LP
1 Liberty Plaza, 27th Floor
New York, NY 10006

Cranshire Capital, L.P.
3100 Dundee Rd.
Suite 703
Northbrook, IL 60015

Diamond Opportunity Fund, LLC
500 Skokie Blvd
Suite 300
Northbrook, IL 60062

Guggenheim Porfolio Company XXXI, LLC
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Lloyd I. Miller
4550 Gordon Dr.
Naples, FL 34102

Psource Structured Debt Limited
Two Enbarcadero Center
Suite 2220
San Francisco, CA 94111

RRC BioFund, LP
217R Concord Ave
Cambridge, MA 02138

Robert D. Zebro, Esq.
Akerman Senterfitt
SunTrust Financial Centre, Suite 1700
401 E. Jackson Street
Tampa, FL 33602

~~Noel R. Boeke, Esq.~~
~~Holland & Knight LLP~~
~~P.O. Box 1288~~
~~Tampa, FL 33601-1288~~

Philip E. Rosensweig
7035 Spyglass Avenue
Parkland, FL 33076

BioHedge Holdings Limited
175 Bloor Street
South Tower, Suite 807
Toronto ON M4W3R8
CANADA

Crescent International, Ltd.
84 Av. Louis-Casai
Cointrin/Geneva CH-1216
SWITZERLAND

GCA Investment Fund Limited
12 Church Street
Mechanic Bldg
Hamilton HM11
BERMUDA

Hudson Bay Fund, LP
120 Broadway
40th Floor
New York, NY 10271

McKesson Corporation
One Post Street
20th Floor
San Francisco, CA 94104

Rockmore Investment Master Fund, Ltd.
150 East 58th Street
New York, NY 10155

Southwest Bank, an M&I Bank
13205 Manchester Rd.
St. Louis, MO 63131

Maria K. Pum, Esq.
Henderson, Caverly, Pum & Charney LLP
P.O. Box 9144
Rancho Sante Fe, CA 92067-9144

Robert T. Doty
Assistant Attorney General
Ohio Dept of Jobs and Family Services
One Government Center, Suite 1240
Toledo, OH 43604-2261

Francis L. Carter, Esq.
Katz Barron Squitero Faust
2699 S. Bayshore Dr., 7th Floor
Miami, FL 33133

Roswell Capital Partners
c/o BridgePointe Master Fund
Attn: Brad Hathom
1120 Sanctuary Parkway, Suite 325
Alpharetta, GA 30009

Dell Financial Services, L.P.
12234 North IH-35
Building B
Austin, TX 78753

GPC LIX LLC
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Laurus Master Fund, Ltd.
335 Madison Avenue
10th Floor
New York, NY 10017

Pandora Select Partners, LP
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Rosalind Capital Partners, L.P.
175 Bloor Street
South Tower, Suite 807
Toronto ON M4W3R8
CANADA

UBS O'Connor LLC
One North Wacker Dr.
Chicago, IL 60606

WB Special Opportunities Fund, Ltd.
3033 Excelsior Blvd.
Suite 300
Minneapolis, MN 55416

Ron Osman
1602 W. Kimmel St
PO Box 939
Marion, IL 62959

Enterprise Fleet Services - North Carolina
8335 IBM Drive
Suite 100
Charlotte, NC 28262

Gary T. Woods, President
CrossPoint Engineering Corp.
15 Perwal Street
Westwood, MA 02090-1920

Robert Larsen, Senior Legal Analyst
R.R. Donnelley & Sons Company
3075 Highland Parkway
Downers Grove, IL 60515-1288

Robert M. Quinn, Esq.
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL 33601-3239